Bates *v.* Tallman.

———————————

BATES, *Administrator, versus* TALLMAN.

A relief bond, given by an arrested execution debtor, does not operate to discharge the judgment.

Such a bond is merely a collateral security.

The discharge of such a bond, upon the payment of a part of the execution, there being no stipulation that such payment of a part should be accepted as a release from the whole, will not bar a suit upon the judgment to recover the balance.

Hence the discharging, (under such circumstances,) of *such* a bond, given by the *maker* of a note, will not defeat a suit against the *indorser* to recover the unpaid part of the judgment.

ASSUMPSIT, against the indorser of a promissory note.

The defence rested upon the following statement of facts.

The plaintiff's intestate recovered judgment against the makers for $711,00. They were arrested on the execution, and each gave a poor debtor's six months' relief bond. One of them, at the time of making their disclosures, being the owner of a mill, mortgaged it to secure the debt; whereupon the creditor canceled and gave up both the relief bonds. The mill was sold, by consent of the parties in interest, at $400,

Bates *v.* Tallman.

which sum the creditor received and indorsed upon the execution. This suit, against the *indorser* of the note, is brought to recover the unpaid part of the note.

The cause was submitted for nonsuit or default, according to the opinion of the Court upon the law.

*Whitmore,* for the plaintiff.

*Tallman,* for the defendant.

At the common law, the voluntary discharge of an arrested debtor is a satisfaction of the judgment. " The execution is considered, as to him, a satisfaction of the judgment." 3 Bouvier's Inst. 570; *Ramson* v. *Keyes,* 9 Cowen, 128; Yates v. *Van Rennsselaer,* 5 Johns. 364; 25 Maine, 110.

True, there are cases in which a debtor may be released from arrest, while at the same time, the judgment remains in force. But this is a statute regulation, and requires preliminaries which were not taken in this case. R. S. c. 148, § 59. This enactment implies that, *unless* those preliminaries be adopted, the discharge from arrest is a bar to any further suit for the same cause of action. 25 Maine, 110.

The creditor in this case, having so materially changed the original contract, cannot now resort to the indorser of the note, for that change would preclude the indorser from any suit against the makers.

SHEPLEY, C. J. — The only defence insisted upon in the argument was, that the principal debtors have been arrested on execution and voluntarily discharged by the creditor; and that this amounts to a satisfaction of his debt.

It is agreed, that they were arrested, " and liberated from said arrest by giving the poor debtors' bond."

This release is one to which the debtors were entitled by the provisions of the statute, c. 148, § 20. It was not a voluntary one by the creditor, but an involuntary one made by the officer in obedience to law. By the provisions of the forty-second section no such release can impair the right of the creditor to his debt or demand; and by this release the debt was not discharged.

This however is not the release, upon which the defendant relies as having such an effect. He contends, that the creditor by taking a mortgage of property from one of the principal debtors at the time, when they made their disclosures, and by surrendering their bonds given to procure their release from arrest, voluntarily discharged them from arrest; and that such discharge, not having been made in conformity to the provisions of the fifty-ninth section, the creditor is not protected from the effect of it at common law.

This argument fails, because it has no foundation, upon which it can rest.

The debtors having been before released from their arrest by giving bonds, were no longer under arrest. There was no existing arrest, from which the proceedings referred to could operate as a release. Those proceedings could only operate to discharge the bonds given to procure their release. Such bonds are only collateral security for the debt; and the creditor may refuse to prosecute them or may discharge them without relinquishing his debt.

The release provided for by the fifty-ninth section, is not one which takes place after the debtor has been by law released upon giving bond. It is one made to release him from arrest or imprisonment, before he has otherwise obtained it. Those provisions are not applicable to a case like the present.

*Defendant defaulted.*

HOWARD, RICE and HATHAWAY, J. J., concurred.